1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EARNEST PARTNERS, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>EARNEST LLC, a Delaware limited liability company, EARNEST OPERATIONS LLC, a Delaware limited liability company, and NAVIENT CORPORATION, a Delaware corporation<br><br>        Defendants. | Case No. 19-5489-LHK<br><br>**STIPULATED [AND PROPOSED] PROTECTIVE ORDER**<br><br>Complaint Filed:        August 30, 2019 |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Earnest Partners, LLC ("Plaintiff") and Defendants Earnest LLC, Earnest Operations LLC, and Navient Corporation (collectively, the "Defendants") (together with Plaintiff, the "Parties," and each entity individually a "Party") are parties to the above-referenced Case No. 19-5489 ("the Action").

1.     <u>PURPOSES AND LIMITATIONS</u>

1.1     Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The Parties acknowledge that this agreement is consistent with Fed. R. Civ. P. 26(c) and Local Civil Rule 79-5.  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to highly confidential and confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

1.2     This Protective Order shall apply to all documents and portions thereof, things, or any other form of evidence or information subject to discovery or that can be protected under Fed. R. Civ. P. 26(c) in the Action that are owned, possessed, or controlled by a Party or a non-party, provided that such non-parties receive and agree to be bound by the terms of this Order ("Producing Party"), and that contain the Producing Party's trade secrets or other confidential proprietary or commercial information and all information derived therefrom ("Protected Material"), including, without limitation, documents, things, deposition testimony, interrogatory answers, answers to requests for admissions, expert reports, and other discovery materials that are provided to or received by another party or non-party in the Action ("Receiving Party"), whether produced informally or in response to formal methods of discovery.

1.3     It shall be the duty of the Producing Party to give notice of the Protected Material designated to be covered by this Protective Order in the manner set forth in Paragraph 4 below. The duty of the Receiving Party or parties and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated shall commence with such notice.  Subject to the provisions of this Order, Protected Material shall be designated by the

Producing Party with one of the following designations:

        a.     "CONFIDENTIAL"; or

        b.     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.    <u>"CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" MATERIAL</u>

    2.1    A Producing Party may designate Protected Material as "CONFIDENTIAL" if such material constitutes or contains, in whole or in part, information that has not been made public and is not generally known, which the Producing Party would not normally reveal to third-parties or would cause third-parties to maintain in confidence or which the Producing Party reasonably believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law and any other applicable privilege or right related to confidentiality or privacy.  This designation includes all materials referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing.

    2.2    A Producing Party may designate Protected Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if such material constitutes or contains, in whole or in part, information that has not been made public and is not generally known, which the Producing Party would not normally reveal to third-parties or would cause third-parties to maintain in confidence, and which the Producing Party (a) reasonably believes will harm its competitive position if the information becomes known to a party other than the Producing Party; or (b) reasonably believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law and any other applicable privilege or right related to confidentiality or privacy.  The designation is reserved for information that includes proprietary information related to future product or service offerings, financial or technical or commercially sensitive competitive information related to current or future product or service offerings, strategic plans, the Producing Party's product or service offerings, non-public financial data including sales, expenditures, and net profit information and/or the identification of customers or potential customers, documents that would reveal trade secrets, licensing documents or licensing communications, the disclosure of which the Producing Party reasonably believes could provide a significant competitive advantage to the Receiving Party or will harm its competitive position if it

becomes known to a party other than the Producing Party (the foregoing types of material shall be referred to herein as "Highly Confidential" material).  This designation includes all materials referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing.

2.3     Each page of any material the Producing Party wishes to designate as Protected Material must be labeled with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, at the time the material, or a copy thereof, is provided to the Receiving Party.  In the case of material contained in or on media other than paper (e.g., natively produced documents), the Producing Party shall affix such a label to the material or file name, or use its best efforts to identify the material as Protected Material.

2.4     The failure by a Producing Party to designate specific documents or materials as Protected Material shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials.  Upon written notice to the Receiving Party of such failure to designate, or of incorrect designation, the Receiving Party shall cooperate to retrieve disseminated copies, and restore the confidentiality of the information that was inadvertently disclosed beyond those persons authorized to review such information pursuant to Paragraph 7, and shall thereafter take reasonable steps to ensure that the Protected Material is treated in accordance with the designation.  No person or Party shall incur any liability hereunder with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

3.     <u>SCOPE</u>

The protections conferred by this agreement cover not only Confidential and Highly Confidential material (as defined above), but also (1) any information copied or extracted from Confidential or Highly Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential or Highly Confidential material; and (3) any testimony, conversations, or presentations by the Parties or their counsel that might reveal Confidential or Highly Confidential material.  However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    <u>ACCESS TO AND USE OF INFORMATION AND MATERIAL</u>

4.1    <u>Basic Principles</u>.    A Receiving Party may use information or material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this Action.    Confidential material and Highly Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential and Highly Confidential material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.    Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any Confidential material only to:

(a)    the Receiving Party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    outside litigation support personnel retained by counsel of record to assist in the preparation and/or litigation of the Action, including contract attorneys or outside copying service vendors or electronic document management vendors;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Producing Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)    the author or recipient of a document containing the information or a

1   custodian or other person who otherwise possessed or knew the information; or

2         (h)    a third-party witness or potential third-party witness for the purpose of

3   conducting an examination of such witness during a trial or deposition or for the purpose of

4   preparing such witness for the trial examination or deposition or interviewing such witness or

5   potential witness, provided, however, that such witness has signed the "Acknowledgment and

6   Agreement to Be Bound" (Exhibit A) and provided that before any such disclosure, the Receiving

7   Party shall give at least 10 calendar days advance notice in writing to the Producing Party, stating

8   the names and addresses of the person(s) to whom the disclosure will be made, identifying with

9   particularity the documents to be disclosed, and stating the purpose of the disclosure.  If, within

10   the 10 calendar day period, a motion is filed objecting to the proposed disclosure, disclosure is not

11   permissible until and unless the Court denies such motion;

12         (i)    Any other person agreed to in writing by the Parties, provided that such

13   person signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

14       4.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

15   <u>Information or Items</u>.  Only the following persons shall have access to or retain material

16   designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and even for these

17   personnel, only to the extent reasonably necessary for purposes of this litigation:

18         a.    persons listed in Paragraph 4.2(a), (c), (d), (e), (g), and (i) above;

19         b.    persons listed in Paragraph 4.2(h), provided, however, that such person has

20   executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and provided that

21   before any such disclosure, the Receiving Party shall give at least 10 calendar days advance notice

22   in writing to the Producing Party, stating the names and addresses of the person(s) to whom the

23   disclosure will be made, identifying with particularity the documents to be disclosed, and stating

24   the purpose of the disclosure; if, within the 10 calendar day period, a motion is filed objecting to

25   the proposed disclosure, disclosure is not permissible until and unless the Court denies such

26   motion; and;

27         c.    persons whom the Producing Party agrees in writing or on the record at a

28   deposition may be shown "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material.

4.4     Filing Confidential or Highly Confidential Material.  Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Producing Party to sanctions.

If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection, the Producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form:  (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Confidential or Highly Confidential material.

(b)     Testimony given in deposition or in other pretrial proceedings:  the Parties

and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any Party or non-party may, within twenty-one days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Highly Confidential.  If a Party or non-party desires to protect Confidential or Highly Confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items:  the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Parties must make every attempt to resolve any dispute regarding confidentiality designations without court involvement.  Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

conference with other affected Party in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Producing Party may file and serve an administrative motion under Local Civil Rule 7-11. The burden of persuasion in any such motion shall be on the Producing Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as Confidential or Highly Confidential until the Court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify the Producing Party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Confidential or Highly Confidential material may be affected.

8.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential material to any person or in any circumstance not authorized under this agreement, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the

1    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

2    9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
3            MATERIAL

4            When a Producing Party gives notice to a Receiving Party that certain inadvertently
5    produced material is subject to a claim of privilege or other protection, the obligations of the
6    Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

7            The production of any documents in this proceeding shall not, for the purposes of this
8    proceeding or any other proceeding, constitute a waiver by the Producing Party of any privilege
9    applicable to those documents, including the attorney-client privilege, attorney work-product
10   protection, or any other privilege or protection recognized by law, subject to the provisions of Fed.
11   R. Evid. 502.

12   10.     NON TERMINATION AND RETURN OF DOCUMENTS
13           Within 60 days after the termination of this action, including all appeals, each Receiving
14   Party must return all Confidential and Highly Confidential material to the Producing Party,
15   including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon
16   appropriate methods of destruction.

17           Notwithstanding this provision, counsel are entitled to retain one archival copy of all
18   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,
19   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert
20   work product, even if such materials contain Confidential or Highly Confidential material.

21           The confidentiality obligations imposed by this agreement shall remain in effect until a
22   Producing Party agrees otherwise in writing or a court orders otherwise.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    DATED: May 8, 2020

3

| EARNEST PARTNERS, LLC | EARNEST LLC, EARNEST OPERATIONS LLC, and NAVIENT CORPORATION |
|---|---|
| By their attorneys, | By their attorneys, |
| /s/ *Judith A. Powell* | /s/ *Anh-khoa T. Tran* |
| Judith A. Powell | Anh-khoa Tran |
| KILPATRICK TOWNSEND & STOCKTON LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
| jpowell@kilpatricktownsend.com | Kathryn Zalewski (SBN 263119) |
| Sarah E. Holland | kathryn.zalewski@wilmerhale.com |
| seholland@kilpatricktownsend.com | Anh-khoa Tran (SBN 295393) |
| 1100 Peachtree Street NE, Suite 2800 | khoa.tran@wilmerhale.com |
| Atlanta, GA 30309 | 950 Page Mill Road |
| Telephone: (404) 815-6433 | Palo Alto, CA 94304 |
| Facsimile: (404) 541-3347 | Telephone: (650) 858-6000 |
|  | Facsimile: (650) 858-6100 |
| Gregory S. Gilchrist |  |
| KILPATRICK TOWNSEND & STOCKTON LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
| ggilchrist@kilpatricktownsend.com | Mark G. Matuschak (*pro hac vice*) |
| Two Embarcadero Center, Suite 1900 | mark.matuschak@wilmerhale.com |
| San Francisco, CA  94111 | Vinita Ferrera (*pro hac vice*) |
| Telephone: 415 576 0200 | vinita.ferrera@wilmerhale.com |
| Facsimile:    415 576 0300 | 60 State Street |
|  | Boston, MA 02109 |
| *Attorneys for Plaintiff* | Telephone: (617) 526-6000 |
|  | Facsimile: (617) 526-5000 |
|  | *Attorneys for Defendants* |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: May 8, 2020                                _____
                                                  The Honorable Susan van Keulen
                                                  United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print   or   type   full   name],   of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California on May ____,

2020, in the case of *Earnest Partners, LLC v. Earnest, LLC, et al*., Case No. 19-cv-5489-LHK. I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER                                                                    - 13 -
CASE NO. 19-5489-LHK